## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MARILYN HOWLAND,** | Civ. No. 2:13-2308 (WJM) |
| **Plaintiff,** | |
| **v.** | **ORDER & JUDGMENT** |
| **WILLIAM H.J. ELY, III and CHRISTINE ELY,** | |
| **Defendants.** | |

**THIS MATTER** comes before the Court on Plaintiff's motion for default judgment against Defendants William H.J. Ely, III and Christine Ely pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiff commenced this action on April 11, 2013. ECF No. 1. Plaintiff served the Complaint on Defendants on June 6, 2013. ECF Nos. 3-4. The time for Defendants to answer or otherwise respond to the Complaint expired on August 5, 2013. *See* Fed. R. Civ. P. 12(a). To date, Defendants have failed to answer or otherwise respond to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendants on September 24, 2013. ECF No. 6. Plaintiff filed the instant motion for default judgment and served Defendants with notice of the motion on October 1, 2013. ECF Nos. 7-10. No opposition has been filed.

Plaintiff seeks judgment on an unpaid promissory note dated May 16, 2002. That note was for a loan of $185,000 at 18% annual interest. Based upon Defendants' failure

1

to honor the terms of the promissory note, Plaintiff requests judgment in the amount of $241,836.29 on this note.

Plaintiff also seeks judgment on a second promissory note dated December 8, 2010. That note provided a loan of $323,000.00. Defendants agreed to pay Plaintiff $6,865.11 monthly for 15 years on this note. Based upon Defendants' failure to comply with the terms of the promissory note, Plaintiff requests judgment in the amount of $470,532.78 on this note.

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (*citing Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that the facts set forth in the Complaint, the motion, and the attached exhibits merit entry of a default judgment. First, the Court finds that there is no basis for Defendants to claim a meritorious defense, as Plaintiff provided ample evidence that Defendants signed two promissory notes, received the monies stated therein, and thereafter failed to make promised payments. Second, it is clear that Plaintiff has been prejudiced by Defendants' failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009).

<u>Third</u>, where, as here, Defendants have failed to respond, there is a presumption of culpability.  *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

The Court further finds that Plaintiff has submitted sufficient evidence to support its request for damages pursuant to Federal Rule of Civil Procedure 55(b).

Defendants submitted a request for reasonable attorneys' fees and costs in accordance with Local Civil Rules 54.1 and 54.2.  The Court found that the requested sum of $31,067.50 in attorneys' fees was facially unreasonable given the expertise of the lawyers involved and the seeming simplicity of the case.  The Court held a hearing on the reasonableness of the attorneys' fees on February 26, 2014.  At the conclusion of the hearing, the Court determined that $19,000 was a reasonable sum for attorneys' fees given the circumstances of the case.

For the foregoing reasons and for good cause shown;

**IT IS** on this 26th day of February 2014, hereby,

**ORDERED** that final judgment is entered in favor of Plaintiff and against Defendants, in the total amount of $733,646.28, comprised of the following:

> (1) $712, 369.09 in principal and interest on the unpaid promissory notes
>
>   plus interest from the date of judgment as provided by law; and
>
> (2) $19,000 in attorneys' fees; and
>
> (3) $2,277.19 in costs and court fees.

/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

4